# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

DONALD EDWARD LUEDTKE, JR.,

Debtor.

Case No. F07-00561-DMD

Chapter 13

**Filed On 5/8/09**

## MEMORANDUM ON APPLICATION FOR APPROVAL
## OF ATTORNEY FEES AND COSTS

Pending before the court is the Application for Approval of Attorney's Fees and Costs filed by the debtor's attorney, Valerie Therrien. The application covers the period from June 14, 2008, through March 31, 2009. Ms. Therrien requests an award of fees in the amount of $8,250.00 and costs in the sum of $732.19, for a total of $8,982.19. The application has been duly noticed, and no objections thereto have been filed.

The bankruptcy court may, in accordance with 11 U.S.C. § 330(a), award a professional representing a debtor "reasonable compensation for actual, necessary services rendered" to the debtor, as well as "reimbursement for actual, necessary expenses."[1] The court may award a professional compensation in a lesser amount than has been requested.[2] The court must ensure that attorneys who represent a debtor do so in the best interests of the bankruptcy estate, and that they charge reasonable fees for services which in fact benefit the

---

[1] 11 U.S.C. § 330(a)(1).

[2] 11 U.S.C. § 330(a)(2).

estate.[3]  To assist the court in determining whether requested fees or costs are, in fact, reasonable and necessary, fee applicants in this district must separately itemize each service rendered with sufficient description to permit the court to make this determination.[4]  Entries for "research" or "telephone call" without further details are insufficient.[5]  Further, normal overhead expenses are not reimbursable under § 330(a).[6]  Overhead expenses include secretarial and clerical services, as well as the cost of stationery and the other normal expenses of running an office.[7]

        Ms. Therrien's pending fee application raises several issues.  First, this case started out under chapter 7.  The petition was filed on October 25, 2007.  Yet Ms. Therrien's fee application includes fees for prepetition services rendered from June 14, 2007, in the sum of $3,333.75.  Further, Ms. Therrien agreed to represent the debtors in all aspects of their chapter 7 case for the sum of $3,050.00.[8]  She received full payment of this retainer prior to the date the petition was filed.  From my perspective, this sum is sufficient to cover the majority of the services which Ms. Therrien rendered for the debtors in chapter 7.  She assisted them with the preparation of their schedules, statements, and other required

---

[3] *Neben & Starrett, Inc., v. Chartwell Fin. Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 880 (9th Cir. 1995).

[4] Ak LBR 2016-1(c)(3).

[5] *Id.*

[6] *Sousa v. Miguel (In re United States Trustee)*, 32 F.3d 1370, 1374 (9th Cir. 1994).

[7] *Id.*

[8] *See* Disclosure of Compensation of Attorney for Debtor, filed October 25, 2007 (Docket No. 1).

2

bankruptcy documents. She reviewed, but did not object to, three motions for relief from stay and assisted the debtors in the negotiation of two reaffirmation agreements. None of these services were extraordinary, and I find no basis for concluding that the retainer she received would be inadequate to compensate her for the chapter 7 portion of this case.

The United States Trustee filed a notice of presumed abuse under 11 U.S.C. § 704(b)(1)(A) on March 3, 2009.[9] The services Ms. Therrien provided to her client thereafter were pertinent to chapter 13 and should be compensable under the provisions of the confirmed plan. However, in reviewing Ms. Therrien's billing statement for services provided from March 3, 2008, I feel that some reductions are appropriate. First, the fee itemization contains entries for services which are more in the nature of secretarial than allowable paralegal work. There are also some time entries which I feel are excessive or duplicate other entries. These are:

| 3/12/08 | JND | Prepare new mean and motion, certificate to convert to chapter 13. | 1.25 ($75.00/hr) | $93.75 | Secretarial |
|---|---|---|---|---|---|
| 4/8/08 | VMT | Draft certificate of mailing of notice of application for order converting, w/no objections electronically file certificate w/copy to client. | 1.35 ($225.00/hr) | $247.50 | Excessive time. **Will allow 0.25 hours or $56.25** |
| 4/24/08 | JND | Prepare chapter 13 means test, re-run all numbers, e-file w/copy to client. | 2.50 ($75.00/hr) | $187.50 | Secretarial |
| 4/24/08 | VMT | Review amended claim number 4 w/copy to client | 0.10 ($225.00/hr) | $22.50 | Duplicate - same claim reviewed 4/25/08 |

---

[9] Docket No. 37.

3

| 5/21/08 | JND | Prepare notice of time to obj to plan and calendar deadlines, revise notice, pull matrix. | 0.50 ($75.00/hr) | $37.50 | Secretarial |
|---|---|---|---|---|---|
| 5/21/08 | JND | Electronically file | 0.25 ($75.00/hr) | $18.75 | Secretarial |
| 5/23/08 | KR | Service notice and plan on matrix. | 1.0 ($75.00/hr) | $75.00 | Secretarial |
| 5/31/08 | VMT | Review P of C, w/copy to client. By roundup Funding (Chase). | 0.10 ($225.00/hr) | $22.50 | Duplicate - same claim reviewed 5/23/08 |
| 7/2/08 | JND | Telephone call to client regarding: confirm hearing, Telephone call to court back to client. | 0.25 ($75.00/hr) | $18.75 | Duplicate - same entry shown twice on 7/2/08 |
| 9/22/08 | JND | Electronically file all pleadings regarding: sale of property w/copy to client | 0.75 ($75.00/hr) | $56.25 | Secretarial |
| 9/22/08 | KR | Service matrix regarding: sale of property w/copy to client. | 1.25 ($75.00/hr) | $93.75 | Secretarial |
| | | Total fees: | | $873.25 | |

The sum of $873.25 will be disallowed. The balance of Ms. Therrien's requested fees from and after March 3, 2008, in the sum of $3,113.00, will be allowed.

One adjustment will also be made to Ms. Therrien's requested costs. Facsimile charges appear to have been billed at the rate of $1.00 per page. This charge is inconsistent with guidelines established by the United States Trustee.[10] The sum of $27.00, for facsimile

---

[10] In accordance with guidelines established by the Office of the United States Trustee for the District of Alaska, facsimile charges are permitted for outgoing long distance facsimiles at the rate of $0.35 per page (in lieu of the actual long distance telephone charge), and for incoming facsimiles at the rate of $0.20 per page. No charge is allowed for sending a local facsimile. A $1.00 per page charge is not permissible under the guidelines established by the United States Trustee.

4

charges, will be disallowed. The balance of Ms. Therrien's requested costs, including the $299.00 filing fee, total $705.19. This sum will be awarded in costs.

Ms. Therrien requested an award of $8,250.00 in fees, with $5,132.19 to be paid her under the plan. The amounts which I will allow, after the adjustments made above, are as follows:

| Fees requested: | $8,250.00 |
|---|---|
| Chapter 7 services covered by retainer: | <4,263.75> |
| Secretarial/duplicate/excessive services: | <$873.25> |
| **Total Fees Allowed (to be paid under plan):** | **$3,113.00** |
| Costs requested: | $732.19 |
| Less facsimile charges: | <$27.00> |
| **Total Costs Allowed:** | **$705.19** |
| **Total Fees and Costs to be Paid Under Plan:** | **$3,818.19** |

The fees I have awarded here are substantially less than what was requested. However, considering that this was not an exceptionally complex case, I find that it is reasonable compensation for the actual, necessary services rendered in this case. Adding the allowed chapter 13 fees to the retainer which Ms. Therrien has already received, she will receive a combined total of $6,162.50 for her overall services in this case. This sum is reasonable compensation under 11 U.S.C. § 330(a)(1)(A). Further, Ms. Therrien will recover her actual and necessary expenses, as permitted under § 330(a)(1)(B). An order will be entered consistent with this memorandum.

DATED: May 7, 2009

                                      BY THE COURT

                                      /s/ Donald MacDonald IV
                                      DONALD MacDONALD IV
                                        United States Bankruptcy Judge

Serve:  V. Therrien, Esq.
         D. Perkins, Esq.
         J. Siemers, Esq.
         R. Ullstrom, Esq.
         L. Compton, Trustee
         U. S. Trustee

            05/08/09